

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2254 | **DATE** | 9/2/2003 |
| **CASE TITLE** | RESOURCE TECHNOLOGY CORP. vs. CONGRESS DEVELOPMENT CO. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Based on the foregoing, the February 7, 2003 judgment of the bankruptcy court order, granting summary judgment in favor of Resource based on its finding that the liquidated damages clause was an unenforceable penalty, is affirmed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 4 - 200 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 14 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | 03 SEP -3 PM 6:56 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RESOURCE TECHNOLOGY CORPORATION, ) ) ) | |
| Appellee, ) ) | SEP 4 - 2003 |
| v. ) ) | Case No. 03 C 2254 |
| CONGRESS DEVELOPMENT COMPANY, ) ) ) | Honorable John W. Darrah |
| Appellant. ) ) | SEP 4 - 2003 |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the appeal of the judgment of the bankruptcy court on February 7, 2003, by Congress Development Company ("Congress"). For the reasons that follow, the decision of the bankruptcy court is affirmed.

## BACKGROUND

Congress owns and operates a solid waste sanitary landfill located in Hillside, Illinois. Resource Technology Corporation ("Resource") is in the business of developing and operating systems to collect landfill methane gas generated by decomposing waste along with the associated power plants to convert the landfill gas into electricity.

On November 29, 1996, Resource and Congress entered into a contract obligating Resource to build and operate a landfill gas collection system and associated electrical generating facility at Congress's landfill according to a fixed schedule. The contract granted Resource exclusive rights to develop the project and sell the electricity it generated in exchange for royalty payments to Congress equal to eleven percent of Resource's gross proceeds from electricity sales. This original

/4

contract did not contain a liquidated damages provision.

On October 10, 1997, the parties modified the contract after Resource had missed various construction "milestone dates" under the contract and was seeking to extend various deadlines. In light of Congress's concern that Resource would continue to delay the project, a liquidated damage provision was added to the amended contract. The amended contract states, in pertinent part:

> WHEREAS, Contractor has failed to meet certain milestone dates ... relating to the completion of the Gas Collection Facility and construction of the Gas-to-Electric Plant;
>
> Whereas, Owner is willing to extend the time for satisfaction of certain of such milestone dates in consideration of Contractor's commitment and agreement to meet the new revised milestone dates and Contractor's agreement to pay liquidated damages to Owner in the event that Owner fails to commence commercial operation of the Gas-to-Electric Plant by September 1, 1998;
>
> Whereas, the parties desire to amend the Agreement and revise and extend certain of the milestone dates contained in the Agreement, to add a section relating to Liquidated Damages....
>
> * * *
>
> Liquidated Damages Payment. If Contractor fails to commence commercial operation of the Gas-to-Electric Plant on or before the date specified in Paragraph 7(b)(15) ... Seller may assess and collect from Contractor, at Seller's option, liquidated damages in an amount equal to Two Thousand Five Hundred and No/100 Dollars ($2,500.00) for each day after the Milestone Date that the Gas-to-Electric Plant fails to commence commercial operation. Such liquidated damages shall be paid by Contractor on a weekly basis in arrears each Monday after the Milestone Date until commercial operation has occurred. If Seller assesses and collects from Contractor such liquidated damages for any period of delay, such liquidated damages shall be in full and complete settlement of all claims, losses and damages of Seller resulting from such period of delay; provided, however, that if the delay exceeds ninety (90) days, Seller may also elect to terminate this Agreement in accordance with the provisions of Paragraph 11 of this Agreement [which includes default by the Contractor or default by Owner] and pursue any of the

> rights and remedies provided for therein. Seller and Contractor acknowledge and agree that the liquidated damages provided for therein constitute a reasonable forecast of the actual damages Seller would sustain as a result of such delay and are not intended as a penalty.

On December 2, 1997, the parties executed a new contract amending and restating their agreement. The new contract made no changes to the liquidated damages clause. On June 20, 1999, the parties executed a first amendment to their amended and restated agreement, extending the deadline for Resource to complete the project from September 1, 1998 to May 30, 2000.

On November 15, 1999, Resource's bankruptcy case commenced when certain creditors filed an involuntary petition against Resource under Chapter 7 of the Bankruptcy Code. The case was thereafter converted to a case under Chapter 11 of the Bankruptcy Code.

Resource failed to complete the Gas-to-Electric Plant on schedule. Commercial operations did not begin until September 2001.

On February 7, 2003, the bankruptcy court granted Resource's motion for partial summary judgment as to Congress's claim for liquidated damages. The bankruptcy court held that the liquidated damages clause was an unenforceable penalty. The court found that the liquidated damages clause was an "optional liquidated damages clause" that failed to identify an alternative remedy. Pursuant to Illinois law, such clause was construed as granting the option to sue for actual damages and was unenforceable.

Congress appeals the bankruptcy court's judgment to this Court, raising the following issue for review: Whether the bankruptcy court erred in ruling on summary judgment that the liquidated damages provision was unenforceable on its face as a matter of Illinois law. Specifically, Congress contends that (1) the bankruptcy court erred in holding that Illinois law imposes a blanket rule that

invalidates all "optional" liquidated damages provisions as a matter of law and (2) the bankruptcy court misinterpreted the liquidated damages provision and misapplied settled standards on summary judgment when it did so as a matter of law without regard to extrinsic evidence in the record.

## LEGAL STANDARD

A bankruptcy court's grant of summary judgment is reviewed *de novo*. *Hoseman v. Weinschneider*, 322 F.3d 468, 473 (7th Cir. 2003) (*Hoseman*). All of the facts and the inferences therefrom are viewed in a light most favorable to the nonmoving party. *Hoseman*, 322 F.3d at 473. The Court reviews the bankruptcy court's factual findings for clear error. *Hoseman*, 322 F.3d at 473.

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mut. Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## DISCUSSION

Congress first argues that the bankruptcy court erred in holding that Illinois law imposes a blanket rule that invalidates all "optional" liquidated damages provisions as a matter of law.

When a contract provision specifies damages, Illinois law draws a distinction between liquidated damages, which are enforceable, and penalties, which are not enforceable. *See Checkers Eight Ltd. P'ship v. Hawkins*, 241 F.3d 558, 561 (7th Cir. 2001). Whether a contract provision is a penalty or a valid liquidated damages clause is a question of law. *Med+Neck & Back Pain Ctr. v.*

*Noffsinger*, 311 Ill. App. 3d 853, 860 (2000) (*Med+Neck*). The burden of proving that a liquidated damages clause is not enforceable rests with the party making such assertion. *See Pav-Saver Corp. v. Vasso Corp.*, 143 Ill. App. 3d 1013, 1019 (1986) (*Pav-Saver*). "There is no fixed rule applicable to all liquidated-damages agreements, and each one must be evaluated on its own facts and circumstances." *Penske Truck Leasing Co. v. Chemetco, Inc.*, 311 Ill. App. 3d 447, 454 (2000).

Generally, a liquidated damages clause is valid and enforceable if: (1) the parties agreed in advance to the amount of damages that might arise from a breach; (2) the amount of liquidated damages was reasonable at the time the contract was entered, bearing some relation to the damages that might be incurred; (3) the amount of actual damages would be uncertain and difficult to prove; and (4) the damages must be for a specific amount for a specific breach – the damages may not be used as a threat to secure performance or as a penalty to punish nonperformance. *See Baurer v. Sawyer*, 8 Ill.2d 351, 359 (1956) (*Baurer*); *Weiss v. United States Fidelity & Guaranty*, 300 Ill. 11, 16 (1921) (*Weiss*); *Med+Neck*, 311 Ill. App. 3d at 860.

Before the issue of whether the contract provision is unenforceable as a penalty is addressed, the contract language which the parties dispute must be construed.

Congress contends that the contract language set out above is ambiguous and that the intrinsic and extrinsic evidence demonstrates that the liquidated damages clause should be construed to allow Congress to either collect liquidated damages or terminate the contract. Resources contends that the clause is not ambiguous and allows Congress to either collect liquidated damages or actual damages. In addition, Congress could terminate the contract if the delay was ninety days or less and Congress chose not to opt for the remedy of liquidated damages. If the delay was more than ninety days, termination of the contract was an available remedy whether Congress sought liquidated or

actual remedies.

If contract language is clear and unambiguous, the parties' intent must be ascertained from the plain language of the contract as a matter law. *See Air Safety, Inc. v. Teachers Realty Corp.*, 185 Ill. 2d 457, 462 (1999). A contract is not ambiguous simply because the parties do not agree as to its meaning. *See Installco Inc. v. Whiting Corp.*, 336 Ill. App. 3d 776, 783 (2002) (*Installco*). Contract language is only found to be ambiguous when it is reasonably susceptible to different constructions. *See Installco*, 336 Ill. App. 3d at 783. Whether the contract is ambiguous is determined from an examination of the instrument as a whole before any extrinsic evidence is considered. *See Installco*, 336 Ill. App. 3d at 783.

An examination of the Agreement and its amendment, as a whole, demonstrates that the contract language at issue is not ambiguous; and the Court need not review any extrinsic evidence.

The liquidated damages clause in the instant case states that if Resource did not commence commercial operation of the Gas-to-Electric Plant by a certain date, Congress could, at its option, elect to receive liquidated damages in a specific amount per day. If Congress chose to collect liquidated damages, such damages would constitute a full and complete settlement of Congress's claims, losses, and damages resulting from the delay. However, if Congress chose to collect liquidated damages and the delay was greater than ninety days, Congress could also elect to terminate the contract. The termination of the contract is clearly a cumulative remedy in addition to the collection of liquidated damages if the delay was greater than ninety days.

The liquidated damages clause is silent as to other options that Congress could elect if it did not elect to collect liquidated damages. However, Paragraph 11(a) of the Agreement allows for Congress to terminate the Agreement if Resource was in default as defined in the paragraph. Such

termination would have to be consistent with the liquidated damages clause; *i.e.*, if Congress chose to collect liquidated damages, it could not terminate the Agreement unless the delay was greater than ninety days. Paragraph 11(c) further provides that, in the event that the Agreement is terminated by Congress, "such termination shall not limit the other remedies of the parties, whether at law or in equity, available to them as a result of such Termination Event...." Therefore, if Congress chose not to collect liquidated damages and chose to terminate the Agreement, which the liquidated damages clause allows for such option, Congress also could seek other remedies, including the recovery of actual damages. Accordingly, the Agreement allows Congress the option of collecting liquidated damages or terminating the Agreement with the option of also seeking actual damages. Therefore, Congress could choose between trying to collect liquidated damages or actual damages.

The above interpretation is consistent with the unambiguous language of the Agreement as well as other courts' interpretations of similar language. In *Catholic Charities of the Archdiocese of Chicago v. Thorpe*, 318 Ill. App. 3d 304 (2000) (*Catholic Charities*), the court construed a similar liquidated damages provision that provided the seller the option of collecting liquidated damages. The liquidated damages clause was silent as to what other remedies were available. *Catholic Charities*, 318 Ill. App. 3d at 311. The court found that including the term "at the option of the seller" in the liquidated damages clause would be redundant unless it was assigned to an intent to preserve the party's alternate remedy of actual damages in addition to his right to liquidated damages. *Catholic Charities*, 318 Ill. App. 3d at 311. Accordingly, the court held that the seller had the option of choosing to seek either actual damages or liquidated damages. *Catholic Charities*, 318 Ill. App. 3d at 312; *see also M.L.G. Trust v. Government of the Republic of Indonesia*, 1994 WL 549078 (N.D. Ill. Oct. 3, 1994) (*M.L.G. Trust*); *Gryb v. Benson*, 84 Ill. App. 3d 710, 712 (1980)

(*Gryb*); *Sorce v. Rinehart*, 69 Wis. 2d 631, 637 (1975); *Zimmerman v. Thomp*, 16 Wis. 2d 74, 76 (1962); *Royer v. Carte*, 37 Cal. 2d 544, 546-47 (1941) (collectively holding that optional liquidated damages clause, without specifying any alternative remedies to that option, was designed to give seller the option of suing for actual damages as an alternative to liquidated damages).

The Agreement allows Congress the option of choosing either liquidated damages or actual damages. It must now be determined if such option renders the liquidated damages clause unenforceable.

As stated above, for a liquidated damages clause to be valid and enforceable, the parties must agree in advance to the amount of damages that might arise from a breach. *See Baurer*, 8 Ill. 2d at 359; *Weiss*, 300 Ill. 2d at 16; *Med+Neck*, 311 Ill. App. 3d at 860; *Catholic Charities*, 318 Ill. App. 3d at 312-13; *Grossinger Motorcorp, Inc. v. American Nat. Bank & Trust Co.*, 240 Ill. App. 3d 737, 749 (1992) (*Grossinger*); *M.L.G. Trust*, 1994 WL 549078 at * 3. On its face, the liquidated damages clause that allows an option of either liquidated damages or actual damages shows that parties did not agree in advance to the amount of damages that might arise from a breach. If the parties had agreed in advance to the amount of damages that might arise from a breach, there would be no need to include an option to elect to seek actual damages. Such an option is not an agreement or settlement at all. Instead, "it permits [Congress] to have its cake and eat it too." *Grossinger*, 240 Ill. App. 3d at 751.

While the Illinois Supreme Court has not considered the specific issue present here, the Illinois Appellate Court that has been presented this same issue held that liquidated damages clauses that allow the option for either liquidated damages or actual damages were not enforceable because such an option shows that the parties never intended to establish a specific sum to constitute damages

in the event of a breach. *See Catholic Charties*, 318 Ill. App. 3d at 313; *Grossinger*, 240 Ill. App. 3d at 751-52. Similarly, a court in this district has also held that liquidated damages clauses that allow the option for either liquidated damages or actual damages were not enforceable because such an option shows that the parties never intended to establish a specific sum to constitute damages in the event of a breach. *M.L.G. Trust*, 1994 WL 549078 at * 3. Other Illinois Appellate Courts have enforced "optional liquidated damages clauses" according to their terms. *See Gryb*, 84 Ill. App. 3d at 711-12; *Hooven v. Woodiel*, 27 Ill. App. 3d 467, 470 (1975). However, in neither of these cases was the issue of whether the liquidated damages were an unenforceable penalty raised or addressed by the court.

Congress relies on *Weiss* in support of its argument that the option of either electing liquidated damages or actual damages is not a penalty and is enforceable. However, while the *Weiss* court did find that the liquidated damages clause in that case was enforceable, the liquidated damages clause in the instant case and that found in *Weiss* are readily distinguishable.

In *Weiss*, if the defendant breached the contract, the plaintiff in error had the option to terminate the contract and engage another contractor to complete the job. The defendant was to be liable for any and all damages that might result of such a breach. The contract also contained a liquidated damages clause which provided that if the construction was not completed by a certain date, the breaching party "shall pay as liquidated damages .... fifteen ($15) dollars per day". *Weiss*, 300 Ill. at 12. The liquidated damages clause in *Weiss* did not provide the plaintiff in error with the option of liquidated damages or actual damages; it specifically stated that the defendant "shall" pay liquidated damages in a set amount per day. While not specifically addressed by the parties or the court, such liquidated damages clause demonstrates that the parties had agreed in advance to the

amount of damages that might arise from a breach as required in an enforceable liquidated damages clause. The fifteen dollars a day in liquidated damages was not an option but was mandatory and agreed to by the parties.

## CONCLUSION

Based on the foregoing, the February 7, 2003 judgment of the bankruptcy court order, granting summary judgment in favor of Resource based on its finding that the liquidated damages clause was an unenforceable penalty, is affirmed.

Date: September 2, 2003

John W. Darrah, Judge
United States District Court